**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Steven Dale Hare,<br><br>    Petitioner,<br><br>vs.<br><br>G. Fizer, et al.,<br><br>    Respondents. | CV-06-164-PHX-DGC (JCG)<br><br>**REPORT & RECOMMENDATION** |

    Petitioner Steven Dale Hare, presently incarcerated at the Arizona State Prison Complex, Catalina Unit, in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 10). The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

    On August 6, 2002, Petitioner entered into a plea agreement, pleading guilty to one count of forgery, a class 4 felony, with one prior felony conviction. (Answer, Ex. F.) Petitioner also entered into a second plea agreement on the same date, pleading guilty to identity theft, a class 4 felony, with one prior felony conviction. (Answer, Ex. G.) In each of the plea agreements, Petitioner agreed to serve a term of imprisonment of between 4.5 years (the presumptive term) and 6 years. (Answer, Exs. F & G.) The two terms were to run concurrently. (Id.) The plea agreements were accepted by the Maricopa County Superior Court on August 13, 2002. (Answer, Ex. H.)

    On November 5, 2002, the trial court sentenced petitioner to two aggravated,

concurrent, 5.5-year terms of imprisonment, with credit for 206 days of presentence incarceration. (Ex. I & J.)

On December 15, 2004, Petitioner filed pro se notices of post-conviction relief in his two criminal cases, citing Blakely v. Washington, 542 U.S. 296 (2004). (Answer, Exs. K & L.) The trial court dismissed both matters, finding that (1) the notices were not timely, and (2) because Blakely did not apply retroactively, the notices did not fall within any exception to the timeliness requirement of Rule 32, Ariz. R. Crim. P. (Answer, Ex. M.)

On January 15, 2005, Petitioner filed a pro se motion for rehearing, arguing that Blakely should be applied retroactively. (Answer, Ex. N.) The trial court denied the motion on February 22, 2005. (Answer, Ex. O.) Petitioner did not seek review in the Arizona Court of Appeals or in the Arizona Supreme Court.

On January 12, 2006, Petitioner filed his present federal habeas petition in this Court. (Doc. No. 1.) Petitioner claims that the trial court sentenced him to an aggravated sentence in violation of Blakely. (Petition, pg. 5.)

**DISCUSSION**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. See 28 U.S.C. § 2244(d)(1).

The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Of these possible starting dates, only the first and third are relevant to the present

1 action. Petitioner does not allege that he was unconstitutionally impeded from timely filing
2 the present federal Petition. Nor does Petitioner allege that his Petition is predicated on
3 newly-discovered evidence that could not have been discovered earlier through the exercise
4 of due diligence.

5       Petitioner's conviction became final on November 5, 2002, the date the trial court
6 entered its judgment and sentence (Answer, Exs. I & J) because, under Arizona law,
7 Petitioner waived his right to direct appeal by pleading guilty. See A.R.S. § 13-4033(B) ("In
8 noncapital cases a defendant may not appeal from a judgment or sentence that is entered
9 pursuant to a plea agreement or an admission to a probation violation."); see also Rule
10 17.1(e), Ariz. R. Crim. P. ("By pleading guilty or no contest in a noncapital case, a defendant
11 waives the right to have the appellate courts review the proceedings by way of direct appeal,
12 and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32
13 and, if denied, a petition for review.").

14       Petitioner alleges in his Petition, however, that his sentence violates Blakely. Blakely
15 was decided on June 24, 2004. See 542 U.S. 296 (2004). If Blakely recognized a new
16 constitutional right and made that right retroactive to cases on collateral review, then,
17 pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statute of limitations began to run on June
18 24, 2004. However, Blakely does not apply retroactively on collateral review. See Schardt
19 v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). Accordingly, Petitioner's limitation period
20 began to run on November 5, 2002, the date that his conviction became final, not on the date
21 that the Blakely decision was issued.

22       The statute of limitations is tolled during the time that a properly filed application for
23 state post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2). In this case, however,
24 Petitioner's subsequent notices of post-conviction relief were not timely filed. (Answer, Ex.
25 M.) Accordingly, they were not "properly filed" and did not continue the statutory tolling.
26 See Pace v. DiGuglielmo, 544 U.S. 408, 408-09 (2005); Artuz v. Bennett, 531 U.S. 4, 8
27 (2000).

28       Equitable tolling may be available even after the statute of limitations period has

expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. United States Dist. Ct., 163 F.3d 530 (9th Cir. 1998)(en banc). Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999) and Beeler, 128 F.3d at 1288). Petitioner has not argued that he was unable to timely file the pending petition due to extraordinary circumstances beyond his control.

The last day of the limitations period was November 5, 2003, the one-year anniversary of the trial court's judgment and sentence. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the 1-year period using the "anniversary method" of Fed. R. Civ. P. 6(a)). The instant petition was filed on January 12, 2006. It is time-barred. The Court does not reach the respondent's alternate argument concerning procedural default.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-06-164-PHX-DGC.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 20th day of March, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge